

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:09-CR-21(4) |
| | § | |
| TERRY LYNN STALSBY | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United States alleges that the defendant, Terry Lynn Stalsby, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone.  The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #328) requesting the revocation of the defendant's supervised release.  The Court conducted a hearing on January 27, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  The defendant was present and represented by counsel at the hearing.  Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On May 25, 2011, The Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after she pled guilty to the offense of Accessory After the Fact, a Class C felony. Judge Crone sentenced Ms. Stalsby to 162 months imprisonment, to be followed by three (3) years of supervision subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health aftercare, and a $100 special assessment. On December 18, 2012, the Court reduced her imprisonment term from 162 to 120 months. *See* doc. #299. On November 16, 2018, Terry Lynn Stalsby completed her period of imprisonment and began service of the original supervision term.

On May 14, 2019, pursuant to the undersigned's recommendation, Judge Crone revoked the defendant's original term of supervision and sentenced her to twelve (12) months and one (1)

day imprisonment for the revocation, to be followed by a new two (2) year term of supervision. *See Order* (doc. #325), *Judgment* (doc. #326). The new term of supervision was ordered subject to the previously imposed conditions, plus the new special condition that the defendant reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and to observe the rules of that facility.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following special condition of release:

*You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.*

Specifically, on January 29, 2020, the defendant was unsuccessfully discharged from the halfway house.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would proffer evidence establishing that as a condition of her supervision, Ms. Stalsby was ordered to reside in a residential reentry center or similar facility in a community corrections component for 180 days. The evidence would further show that Ms. Stalsby violated that condition because on January 29, 2020, she was unsuccessfully discharged from the halfway house.

Defendant, Terry Lynn Stalsby, offered a plea of true to the allegations. Specifically, she agreed with the evidence summarized above and pled true to the allegation that was unsuccessfully discharged from the halfway house in violation of her supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of her supervised release by being unsuccessfully discharged from the halfway house. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of her supervision conditions by being unsuccessfully discharged from the halfway house. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived her right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Terry Lynn Stalsby, to serve a term of **twelve (12) months and one (1) day imprisonment, to include 179 days of unserved halfway house time**. The Court also recommends that Ms. Stalsby receive credit for back incarceration time due to her by law. Pursuant to the defendant's request, the Court recommends placement in **the Federal Correctional Institution (FCI) in Aliceville, Alabama,** for service of the prison term, if possible.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district

5

judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of February, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE